**FILED**
**MAY 19 2016**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Sushila Gaur,

    Plaintiff,

v.

World Bank Group,

    Defendant.

Case: 1:16-cv-00948
Assigned To : Unassigned
Assign. Date : 5/19/2016
Description: Pro Se Gen. Civil

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

In a one-page complaint, plaintiff states: "I want to get my job at the World Bank and punishment for those who want to turn me into MISTRES[S]/SEX SLAVE of Karl F. Inderfurth." Plaintiff then refers the Court to an assortment of documents attached to the complaint for "details." In one attachment addressed to "Honorable Judge," plaintiff indicates that the named defendant, World Bank Group, failed to hire her for a job for which she applied in June 2015. Plaintiff surmises that former U.S. Ambassador Inderfurth and "his other associates" sabotaged her job search for unsavory reasons.

Plaintiff does not state the basis of federal court jurisdiction. Regardless, "[a] district court lacks subject matter jurisdiction [over a] complaint [that] 'is patently insubstantial, presenting no federal question suitable for decision.'" *Caldwell v. Kagan*, 777 F. Supp. 2d 177,

178 (D.D.C. 2011) (quoting *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009)). And "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536-7 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)). The instant complaint satisfies the foregoing standards. Consequently, this case will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

Date: May 18, 2016

United States District Judge